IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 26-cv-02465-CYC

MILOT LAFALAISE,

      Petitioner,

v.

MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security (DHS);
TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement (ICE);
DEREK GORDON, Acting Executive Associate Director, Homeland Security Investigations (HSI), U.S. Immigration and Customs Enforcement (ICE);
MARCOS CHARLES, Acting Executive Associate Director, Enforcement and Removal Operations (ERO), U.S. Immigration and Customs Enforcement (ICE);
DAREN K. MARGOLIN, Director, Executive Office For Immigration Review; and
WARDEN, Warden for the Denver Contract Detention Facility,

      Respondents.

---

## ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Petitioner Milot Lafalaise, a detainee at the Denver Contract Detention Facility in Aurora, Colorado, petitions for a writ of habeas corpus, contending that the respondents, who control that facility, are improperly subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 1 (the "Petition"). The petitioner, a citizen of Haiti, has lived in the United States since he entered in October 2022, *id.* ¶¶ 2, 57–58, and had been in the United States for years before Immigration and Customs Enforcement officers took him into custody in December 2025. *Id.* ¶¶ 1, 62. Consequently, he says, 8 U.S.C. § 1226(a), which entitles him to a bond hearing, governs his detention vel non, not section 1225(b)(2). Among other things, he seeks release or, in the alternative, a bond hearing. ECF No. 1 ¶¶ 86–91.

1

He is correct. "§ 1225(b)(2)(A)'s application is limited to the border" and individuals detained in the interior of the country, like the petitioner, "can properly be subject to detention under § 1226(a)." *Santillan Quiroz v. Mullin*, --- F.4th ----, No. 26-6019, 2026 WL 1876709 at *8, *17 n.13 (10th Cir. June 30, 2026). The petitioner's continued detention under 8 U.S.C. § 1225 without a bond hearing violates the Immigration and Nationality Act. Therefore, the government shall "either provide him with a bond hearing" in accordance with section 1226(a) "or else release him" within seven days of this Order. *Id*. at *17 n.13.

There is a final matter. The petitioner appears to request attorneys' fees and costs, but he does so indirectly. ECF No. 1 ¶ 90. D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by affidavit," and no such affidavit supported the request. Further, "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the petitioner chooses to file a motion for attorney fees, it must comply with all applicable rules and provide legal authority for the request. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Petition, ECF No. 1, is **GRANTED in part** and **DENIED without prejudice in part**.

It is further ORDERED that

(1) the respondents shall, within **seven days** of this Order, either provide the petitioner with a bond hearing under 8 U.S.C. § 1226(a), with the government bearing the

burden of proving that the petitioner is a flight risk by a preponderance of the evidence or a danger by clear and convincing evidence, or release the petitioner;

(2) the respondents are **ENJOINED** from denying bond to the petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2)(A); and

(3) the respondents shall file a status report within **eight days** of this Order indicating whether the petitioner was released or a bond hearing was held and the outcome of any bond hearing.

Entered and dated this 2nd day of July, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

3